UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMUEL NEWPORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-02328-JPH-MJD |
| ) | |
| INDY STEEL ERECTORS, INC., ) | |
| INTERNATIONAL ASSOCIATION OF ) | |
| BRIDGE, STRUCTURAL, ORNAMENTAL, ) | |
| AND REINFORCING IRON WORKERS ) | |
| LOCAL UNION NO. 22, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**
**HON. MAGISTRATE JUDGE MARK J. DINSMORE**

On September 28, 2018, the Court scheduled this matter for a settlement conference to begin at 9:00 a.m. on April 8, 2019; that order required Plaintiff Samuel Newport to appear in person for the settlement conference. [Dkt. 30 at 1-2.] On April 8, 2019, the Court conducted the settlement conference, and Plaintiff failed to appear in person as ordered. [Dkt. 64.] Instead, at 8:08 a.m. on April 8, 2019, Mr. Newport sent a text to his attorney terminating his representation. [Dkt. 65 ¶ 3.]

On April 8, 2019, Court issued an Order setting a show cause hearing for April 22, 2019 and ordered Plaintiff Samuel Newport to appear in person to answer why he should not be sanctioned for having failed to appear for the April 8, 2019 settlement conference. [*Id*.] The

Court's order further stated that Plaintiff's "failure to appear on April 22, 2019 as ordered will result in a recommendation that Plaintiff's claims in this matter be dismissed." [*Id.*]

On April 9, 2019, Ronald E. Weldy, counsel for Plaintiff, filed a Motion to Withdraw Appearance. [Dkt. 65.] The Court scheduled an *ex parte* hearing on Mr. Weldy's motion for April 22, 2019, and the Court again ordered Plaintiff to appear in person. [Dkt. 66.] On April 22, 2019, the Court held the *ex parte* hearing on Mr. Weldy's motion to withdraw and the hearing on the Court's order to show cause. Plaintiff Samuel Newport again failed to appear as ordered.

A district court has the inherent authority to impose sanctions on [a party] for the "willful disobedience of a court order." See *Trzeciak v. Petrich*, No. 2:10-CV-358-JTM-PRC, 2014 WL 5488439, at \*1 (N.D. Ind. Oct. 29, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). This power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993) (internal quotation omitted). A court's inherent powers are to be used "to reprimand the offender" and "to deter future parties from trampling on the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003). The sanction imposed by a court "should be proportionate to the gravity of the offense." *Montaño v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

The standards set for counsel are expected of *pro se* litigants. "Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants." *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000). "Trial courts generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses the case because he fails to file opposing papers. A litigant

who chooses *himself* as legal representative should be treated no differently." *Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986)* (emphasis in original). Therefore, while *pro se* litigants are given some leniency as to the substance of their pleadings, all litigants must follow the same procedural requirements. This includes notifying the Court of any address change, monitoring case updates on the docket, and appearing before the Court when ordered. *Pro se* litigants have chosen to represent themselves, and in doing so, are held to the same procedural requirements as legal counsel.

Plaintiff Samuel Newport has repeatedly failed to comply with the Court's orders by failing to appear as ordered for the April 8, 2019 settlement conference [Dkt. 30 at 1-2], the April 22, 2019 hearing on the Court's order to show cause [Dkt. 64], and the April 22, 2019 *ex parte* hearing on counsel's motion to withdraw [Dkt. 66]. Accordingly, the Magistrate Judge recommends that Plaintiff Samuel Newport's claims in this matter be dismissed for Plaintiff's repeated failures to comply with the Court's orders.

Defendants incurred unnecessary expenses in preparing for and attending the settlement conference for which Mr. Newport failed to appear. The rules authorize the Court to hold Mr. Newport responsible for those expenses. Fed. R. Civ. P. 16(f)(2). In its order scheduling the April 22, 2019 show cause hearing, the Court instructed Defendants to "file itemized statements with the Court articulating the costs and expenses incurred by each Defendant in preparing for and attending the April 8, 2019 settlement conference." [Dkt. 64 at 2.] Defendants filed such statements as directed. [Dkts. 68 & 69.]

Counsel for Defendant Indy Steel Erectors, Inc. ("Indy Steel") submitted an affidavit with billing detail articulating what appears to be all time spent by Indy Steel's counsel relating to

settlement discussions since January 3, 2019. [Dkts. 68 & 68-1.] While the Court agrees that Defendants are entitled to some compensation for the time wasted on the settlement conference for which Mr. Newport failed to appear, Indy Steel's request is far too broad. The parties would have engaged in settlement discussions and other preparations for the settlement conference regardless of its outcome. Rather, the Court will focus upon the time that was wasted by Defendants in actually appearing for the settlement conference. For Indy Steel that amounts to 2.4 hours of time at $300.00 per hour, for a total of $720.00, plus $18.00 for parking. [Dkt. 68 ¶¶ 12-13; Dkt. 68-1 at 7.] Counsel for Defendant International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Local Union No. 22 ("Local 22") submitted an affidavit with billing detail demonstrating that he spent 1.4 hours at $205 per hour, for a total of $307.50, appearing for the settlement conference. Accordingly, the Magistrate Judge recommends that the Court impose monetary sanctions against Plaintiff Samuel Newport for Defendants' costs and expenses incurred in attending the April 8, 2019 settlement conference in the amount of $738.000 for Indy Steel and $307.50 for Local 22.

In conclusion, the Magistrate Judge recommends that Plaintiff Samuel Newport's claims in this matter be **DISMISSED WITH PREJUDICE**, and that Plaintiff Samuel Newport be ordered to pay Defendant Indy Steel Erectors, Inc. the sum of **$738.00**, and pay Defendant International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Local Union No. 22 the sum of **$307.50** as a **SANCTION** for Plaintiff's failure to attend the April 8, 2019 settlement conference in this matter.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely

file objections within fourteen days after service of this Order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 21 JUN 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

Service via U.S. Mail to:

SAMUEL NEWPORT
7057 Birnamwood Court
Myrtle Beach, SC 29579